UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANISH SAM MATHEW,

Plaintiff,

v.

PARV VERMA,

Defendant.
_____________________________/

Case No. 4:25-CV-13262
District Judge F. Kay Behm
Magistrate Judge Anthony P. Patti

**OPINION AND ORDER GRANTING "MOTION FOR ISSUANCE OF AMENDED SUMMONS" (ECF NO. 15), DENYING PLAINTIFF'S MOTION TO STRIKE THE UNAUTHORIZED FILINGS (ECF NO. 30); DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE A SUR-REPLY (ECF NO. 29); AND DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE EXCESS PAGES (ECF NO. 37)**
**AND**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DENY WITHOUT PREJUDICE ALL DISPOSITIVE MOTIONS AS PREMATURE (ECF NOS. 16, 21, 40)**

## I. ORDER AND RECOMMENDATION

### A. Order

Plaintiff's "Motion for Issuance of Amended Summons and Order Directing Clerk of Court to Sign and Seal Request for Service Abroad of Judicial or Extrajudicial Documents (Form USM-94)" (ECF No.15) is **GRANTED.** Defendant's motion for leave to file a sur-reply (ECF No. 29 is **DENIED**.

Plaintiff's motion to strike the unauthorized filings (ECF No. 30) is **DENIED**. Finally, Defendant's motion for leave to file excess pages (ECF No. 37) is **DENIED.**

**B. Recommendation**

Additionally, because Defendant is not yet properly served, and because he is adamant that he has not waived service, all pending substantive motions (ECF No. 16, 21, 40) should be **DENIED WITHOUT PREJUDICE AS PREMATURE**.

## II. ORDER ON SERVICE ISSUES

### A. Background

Plaintiff Anish Sam Mathew, proceeding *in pro per*, initiated this case on October 16, 2025, against Parv Verma. (ECF No. 1.). On November 28, 2025, Plaintiff filed an amended complaint as of right. (ECF No. 10.) The amended complaint is the current operative pleading. Defendant, also *in pro per*, filed an answer to the original complaint as well as to the amended complaint. (ECF No. 12.) In Defendant's answer, he asserts that he was not properly served, that venue is improper, and that personal jurisdiction may be lacking. (*Id.*) Judge F. Kay Behm referred the matter to me "for all pretrial proceedings, including a hearing and determination of all non−dispositive matters pursuant to 28 U.S.C. §

636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B)." (ECF No. 6, PageID.21.)

Both parties have filed a number of motions and, on February 12, 2026, I issued a Text-Only Order which stayed the case and directed the parties to cease filing motions pending further order of the Court.

**B. Analysis**

The parties have filed several motions related to the service of Defendant. I will address each in turn.

**1. Motion for Issuance of Amended Summons (ECF No. 15.)**

On December 31, 2025, two weeks after Defendant filed an answer to the amended complaint, Plaintiff filed a "Motion for Issuance of Amended Summons and Order Directing Clerk of Court to Sign and Seal Request for Service Abroad of Judicial or Extrajudicial Documents (Form USM-94)." (ECF No.15.) Plaintiff states that, as Defendant resides in India, and as India is a signatory to the Hague Convention, Plaintiff requires an amended summons and particular form (USM-94) signed by a court officer in order to effectuate service. (ECF No. 15, PageID.256.)

In a document entitled "Non-Waiver and Limited Appearance Solely to Preserve Objections to Service Under the Hague Convention," Defendant objects to the issuance of an amended summons and to service under the Hague

Convention. (ECF No. 17.) The Court interprets this document as a response in opposition to Plaintiff's "Motion for Issuance of Amended Summons . . ." (ECF No. 15.) This document asserts that Defendant has not consented to service or personal jurisdiction, but that anything Defendant has filed has been to "prevent default and preserve objections." (ECF No. 17, PageID.278.) Defendant clearly has actual notice of this lawsuit and has been following the docket and receiving, at a minimum, electronic notice of all filings, but asserts that service has not been proper thus far.

Confusingly, Defendant argues that he has "already filed limited objections preserving service defenses" and that therefore "Hague service is unnecessary at this stage." (ECF No. 17.) Defendant wishes to avoid Hague service because such service "is typically executed through local courts and police authorities" and would be executed at his private residential address which would "unnecessarily disclose this civil dispute to Defendant's family, neighbours [Commonwealth spelling] and community, causing irreparable prejudice and unwarranted third-party disclosure wholly unrelated to the merits of this case." (ECF No. 17, PageID.279.) Defendant suggests this "harm is disproportionate and unnecessary given Defendant's active participation in this action." (*Id.*) Defendant contends that Hague service commonly requires several months to complete and that "imposing this delay solely to re-serve a defendant who has already appeared

serves no practical purpose and would unnecessarily prolong the proceedings." (*Id.*) Defendant then requests the following relief:

1. Deny or limit Plaintiff's request for service under the Hague Convention to avoid Undue and Irreparable Prejudice; or

2. In the alternative, authorize less intrusive and faster alternative service, if any, as the Court deems appropriate under Rule 4(f)(3), including electronic or mail service through the Court or Clerk; and

3. Confirm that Defendant's prior and present filings constitute no waiver of defenses under Fed. R. Civ. P. 12(b), including insufficient service of process and lack of personal jurisdiction; and

4. Grant any other relief the Court deems just and proper.

(ECF No. 17, PageID.279.)

The day after filing his "Non-Waiver and Limited Appearance Solely to Preserve Objections to Service Under the Hague Convention," Defendant filed two additional response briefs, both of them setting forth the arguments in opposition to Plaintiff's "Motion for Issuance of Amended Summons . . ." (ECF No. 18, 19.) In both of these documents, Defendant takes the perplexing and self-contradictory position that he has never been validly served, but that he objects to service through the Hague; that service through alternative methods would "achieve notice efficiently," but that he does not "consent to service" or "consent" to this Court's jurisdiction and that he has "preserve[d]" his challenges to service and jurisdiction. (ECF No. 18, 19.) In other words, Defendant objects to official service, suggests alternative service, but seeks to preserve his objection to service even through that

alternative service. Defendant contends that he is not evading service, but objects to service "under the Hague Convention through local authorities." (ECF No. 18, PageID.282.) Defendant states in one response that he is "prepared to accept service via email, the Court, Clerk, or any method deemed appropriate," but also asserts that his brief is submitted solely to object to the method of proposed service and is not a consent to service or jurisdiction. (ECF No. 19, PageID.289.)

Likewise, in another response, Defendant states that "Defendant is prepared to receive service by the following alternative methods" and then lists email, service through the Court or Clerk, or "any other method the Court Deems appropriate under Rule 4(f)(3)." (ECF No. 18, PageID.282.) **<u>But,</u>** Defendant also states that he is "prepared to receive [this] service . . . *without waiving any jurisdictional or service defenses.*" (*Id.* (emphasis added).) In other words, Defendant is suggesting alternative service that he will *receive* but nonetheless *challenge*. This is confirmed in *yet another* response brief filed by Defendant on January 14, 2026, in which he states that "Defendant has never made a general appearance, has never accepted service, and has never consented to this Court's personal jurisdiction. Defendant's filings have expressly and consistently preserved all objections to service, jurisdiction, and process." (ECF No. 24, PageId.346.)

In his reply, Plaintiff asserts that he <u>does not wish to pursue alternative service</u>, at this juncture. According to Plaintiff, any judgment obtained in this

lawsuit would need to be enforced in India and Indian courts specifically do not recognize service through alternate means. Specifically, Plaintiff states:

> While the Defendant has indicated a willingness to accept service via email to avoid the "embarrassment" of formal service, the Plaintiff declines to utilize alternative service under Federal Rule of Civil Procedure 4(f)(3) at this time. The Plaintiff's insistence on formal service pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention") is intended to ensure the international enforceability of any judgment rendered by this Court.
>
> Because the Defendant resides in India, the ultimate value of this litigation rests on the Plaintiff's ability to enforce a U.S. judgment in Indian courts. India has strictly objected to Article 10 of the Hague Convention. Consequently, a judgment resulting from service by email—a method not explicitly sanctioned by Indian law for foreign processes—risks being declared void and unenforceable by Indian courts.
>
> Therefore, to protect the integrity of these proceedings and the finality of the Court's judgment, the Plaintiff respectfully requests that this Court grant the original Motion [ECF No. 15] and direct the Clerk to issue the Amended Summons and sign the Request for Service Abroad (Form USM-94) for transmission to the Indian Central Authority.

(ECF No. 22, PageID.325-326.) Plaintiff's argument is well taken.

Plaintiff is entitled to attempt valid service through formal methods to ensure the enforceability of any judgment in foreign courts, Defendant's "embarrassment" notwithstanding. This is particularly true where, as here, Defendant appears to be engaging in gamesmanship by suggesting alternative service while specifically attempting to reserve the right to challenge the suggested service. Further, Defendant has added confusion to the docket by filing a document entitled "Notice of Non-Waiver and Limited Appearance Solely to Preserve Objections to Service

Under the Hague Convention" (ECF No. 17), which suggests that Defendant is *not* waiving service, but then simultaneously asserting that Plaintiff should employ alternative service through email.

Having reviewed all the briefing related to service, the Court finds:

- Under Federal Rule of Civil Procedure 4(f)(1), "an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States . . . by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents . . ."

- Defendant resides in India and therefore Rule 4(f)(1) applies.

- Both parties agree that the Hague Convention applies and that Defendant has, at this point, not been validly served under the requirements of the Hague Convention.

- Despite not having been validly served, Defendant demonstrably has actual notice of this lawsuit and is aware of all of the filings to date, including the complaint and the amended complaint, as Defendant makes repeated references to both in his filings.

- Moreover, Plaintiff has registered as an e-filer with this Court and Defendant has utilized the *pro se* portal to upload his filings; therefore, both parties are savvy enough to navigate the Court's system to preserve and pursue their rights.

- No matter that Defendant has actual notice of this lawsuit, he has consistently asserted that he has not been validly served and that he has not waived any objections to personal jurisdiction or service.

Under these facts, Plaintiff has set forth a persuasive argument as to why formal service through the Hague Convention is necessary, and has correctly

identified the form necessary to achieve service. Further, from the Court's research, Plaintiff is correct that the "USM-94: Request for Service Abroad of Judicial or Extrajudicial Documents" must be certified and stamped by the Clerk of the Court, because a *pro se* party cannot be the forwarding authority.[1] The Court therefore **GRANTS** Plaintiff's "Motion for Issuance of Amended Summons and Order Directing Clerk of Court to Sign and Seal Request for Service Abroad of Judicial or Extrajudicial Documents (Form USM-94)" (ECF No. 15) as follows:

Plaintiff is **DIRECTED** to prepare a Form USM-94 to present to the Clerk of the Court for stamping and certification. It is Plaintiff's responsibility to properly complete the form and the Clerk's Office is not responsible for verifying its accuracy. Plaintiff is **DIRECTED** to present the form and any necessary copies *in person* at the Clerk's Office at the Theodore Levin Federal Courthouse at 231 W. Lafayette Blvd, in Detroit, Michigan. Upon presentation of the form(s), the Clerk of the Court is **DIRECTED** to sign, certify, or stamp the form(s), as necessary, in the normal course of business.

Plaintiff also asks for issuance of an amended summons. While an amended summons may not be necessary, neither will it hurt or prejudice either party. As such, when presenting the Form USM-94 to the Clerk of Court, Plaintiff may also present an amended summons to the Clerk for signature. The Clerk of the Court is

---

[1] https://www.justice.gov/civil/page/file/1064896/dl?inline

**DIRECTED** to cooperate with Plaintiff to facilitate the issuance of the amended summons.

The Court notes that Fed. R. Civ. P. 4(m) sets the time in which a plaintiff must effect service and provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, Rule 4(m) "does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1)" and Rule 4 does not set a deadline for foreign service otherwise. *Id.* Accordingly, Plaintiff need not show "good cause" at this point to extend time for service. The Sixth Circuit has not addressed the time afforded to a plaintiff to serve process in a foreign country. *Kremer v. Webador.com*, No. 2:24-CV-00028, 2025 WL 2492476, at *4 (M.D. Tenn. July 29, 2025), *report and recommendation adopted,* No. 2:24-CV-00028, 2026 WL 19411 (M.D. Tenn. Jan. 2, 2026). "Weighing the difficulty of setting a strict deadline for foreign service when processes differ across nations and may be largely out of the plaintiff's control against the need for 'some time limit for service of process in a foreign country that courts can delineate' to prevent plaintiffs from 'flout[ing] statutes of limitations,' district courts in the Sixth Circuit have adopted equitable tests applied in other circuits." *Id.* (citing *Warren v. Jarrold*, Case No. 2:21-cv-11734, 2021

WL 5299670, at *2 (E.D. Mich. Nov. 15, 2021) (collecting district court cases and adopting an equitable "excusable neglect analysis"); *see also Harris v. Orange S.A.*, 636 F. App'x 476, 485–86 (11th Cir. 2015) (following "the majority of circuits" to allow dismissal upon showing that a plaintiff "failed to exercise diligence in attempting to effectuate service on a foreign defendant"); *Lozana v. Bosdet*, 693 F.3d 485, 488–89 (5th Cir. 2012) (adopting a "flexible due diligence" standard); *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005) (holding that "the amount of time allowed for foreign service is not unlimited")).

In this case, there is no doubt that Plaintiff is diligently pursuing his rights and Plaintiff is entitled to more time to serve Defendant, especially in light of the fact that the USM-94 has not yet been completed. Nonetheless, in order to keep this litigation progressing, the Court will set a deadline by which Plaintiff must complete the form for presentation to the Clerk's Office. Plaintiff is **DIRECTED** to present the properly completed USM-94 to the Clerk's Office by **September 10, 2026.**

Finally, Plaintiff is *strongly* encouraged to utilize the services of private, third-party entities specializing in assisting parties in the proper completion of Hague documents such as the USM-94. Further, there is also a federal *pro se* legal assistance clinic operated in the Courthouse by the University of Detroit-Mercy Law School. To determine eligibility for assistance, *pro se* parties may contact the

Federal Pro Se Legal Assistance Clinic at (313) 234-2690 or at proseclinic@udmercy.edu.

### 2. Other Non-Dispositive Motions (ECF No. 29, 30, 37)

Also pending before the Court is Defendant's motion for leave to file a sur-reply (ECF No. 29), in which he seeks to file yet another brief on the service issue. This motion is **DENIED**. Under the Local Rules of this Court, parties are allowed *one* response brief in opposition to any motion. *See* E.D. Mich. LR 7.1(c). My practice guidelines make clear that I adhere to the local rules regarding the number and format of briefs, and that additional briefs will be disregarded or stricken. *See* https://www.mied.uscourts.gov/index.cfm?pageFunction=chambers&judgeid=51. At this point, Defendant has filed multiple unauthorized briefs in response to Plaintiff's "Motion for Issuance of Amended Summons . . ." (*See* ECF Nos. 17, 18, 19, 23, 24.) I have already stricken one of these briefs. (ECF No. 23.) The only reason I am opting not to strike the other pending briefs is because Defendant makes certain representations and concessions in these briefs that are relevant to what I perceive to be Defendant's gamesmanship. I will not strike the other briefs in the unlikely event another court finds it necessary to review the representations made in the filings. However, I will not grant further leave to file yet additional briefs on this already over-litigated issue.

Additionally, Plaintiff's motion to strike the unauthorized filings (ECF No. 30) is **DENIED**. As stated, at this point the better course of action is to leave the filings on the docket, given the representations made therein.

Finally, Defendant's motion for leave to file excess pages (ECF No. 37) is **DENIED.** The Court does not need additional pages for any briefing in this case. And, because the Local Rules are already generous enough in this regard, the parties should not expect extended page limitations int the future either.

## III. REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS (ECF NO. 21); PLAINTIFF'S MOTION TO DISMISS THE COUNTERCLAIMS (ECF NO. 16); AND DEFENDANT'S MOTION FOR IMMEDIATE RELIEF (ECF NO. 40.)

Before the Court, are two dispositive motions: Defendant's motion to dismiss (ECF No. 21) filed under Fed. R. Civ. P. 12(b)(6), which challenges the strength of Plaintiff's pleadings, and Plaintiff's motion to dismiss Defendant's counterclaims (ECF No. 16). The Court should **DENY** both motions without prejudice as premature. "Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003) (abrogated on other grounds by *Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022)). When a defendant objects to service but also files a motion under 12(b)(6), the proper course of action is to first determine if service was sufficient, and if so, to subsequently address the merits of the plaintiff's claims. *See Fedele v. INEOS Pigments USA*, No. 1:24-CV-

01225-PAB, 2025 WL 50240, at *10–11 (N.D. Ohio Jan. 8, 2025) (citing *Simpkins v. D.C. Gov't*, 108 F.3d 366, 370 (D.C. Cir. 1997) ("The sequence of decision [plaintiff] describes—first, determine if service of process has been properly accomplished, and only if it has, proceed to the Rule 12(b)(6) determination—is the usual practice."); *Hilska v. Jones*, 217 F.R.D. 16, 22 n.10 (D.D.C. 2003) ("The court need not address defendant Jones's alternative Rule 12(b)(6) motion at this time in light of the court's determination of insufficient service of process. Indeed, to proceed to a Rule 12(b)(6) determination, the court must first determine that the plaintiff has properly effected service of process.")). If service is not proper, the Court lacks personal jurisdiction over Defendant to address any substantive arguments. *See id.* (citing *Nguedi v. Admin. Office of United States Court*, 2024 WL 2252084, 2024 U.S. Dist. LEXIS 89063 (D.D.C. May 17, 2024) (In *Nguedi*, the court declined to "reach the [defendant's] other arguments for dismissal until service is effectuated" because "the Court currently lacks personal jurisdiction over [the defendant].")).

Since Defendant has not been adequately served, it is premature to address or adjudicate the rights of the parties or the strength of the pleadings.[2]

[2] The Court could also consider striking Defendant's two answers (ECF No. 11 & 12). As Defendant vehemently asserts he has not been properly served, the answers are likewise premature. For docket clarity, Defendant could be instructed not to file any answer until he has been served.

Similarly, Defendant's Motion for Immediate Relief (ECF No. 40) should also be **DENIED** without prejudice as premature, because it too challenges the content of Plaintiff's complaint. Defendant argues that Plaintiff's initial complaint caused damage to Defendant's business through its circulation, and argues that Defendant is entitled to damages based on circulation of the initial complaint. Defendant's motion is premature, at a minimum, and likely improper. As stated above, Defendant is yet to be served in this case and appears to challenge this Court's jurisdiction. It is difficult to comprehend how Defendant can, on one hand, claim this Court lack's jurisdiction to entertain Plaintiff's lawsuit, but on the other hand ask this Court to dismiss the complaint on the merits and award Defendant damages based on the allegations made in Plaintiff's pleading. Moreover, it *appears* to the Court that Defendant's argument is based on an abuse of process claim, which is a cause of action, not an argument to be made in a motion.

In any event, until Defendant is validly served, the Court should not entertain any dispositive motions or any substantive motions that attack the pleadings. Accordingly, the Court should **DENY WITHOUT PREJUDICE** Defendant's motion to dismiss (ECF No. 21); Plaintiff's motion to dismiss Defendant's counterclaims (ECF No. 16); and, Defendant's Motion for Immediate Relief (ECF No. 40), as all three motions are premature.

## IV. A Warning on Use of Artificial Intelligence (AI)

There is ample reason to suspect the use of AI in this case. That is a *bad idea* in one very real and important sense: The parties will be held responsible for the content of their filings under Fed. R. Civ. P. 11, including the accuracy of all facts and law, regardless of whether they used generative AI to assist them. <u>The Court will not accept AI as an excuse for inaccuracies</u> and will hold the parties responsible for whatever filings appear with their signatures. As this Court has previously held:

> AI programs "are based on complex mathematical systems that learn their skills by analyzing enormous amounts of digital data. They do not — and cannot — decide what is true and what is false. Indeed, at times, they just make stuff up—a phenomenon some A.I. researchers call hallucinations." Cade Metz & Karen Weise, A.I. Is Getting More Powerful, but Its Hallucinations Are Getting Worse, N.Y. Times (May 6, 2025), https://www.nytimes.com/2025/05/05/technology/ai-hallucinations-chatgpt-google.html. As such, some courts have rejected the use of such AI programs in legal pleadings "out of hand". *J.G. v. New York City Dep't of Educ*., 719 F. Supp. 3d 293, 308 (S.D.N.Y. 2024).

*Hunt v. Morissette*, No. 2-24-CV-12947-TGB-APP, 2025 WL 1660358, at *1 (E.D. Mich. June 11, 2025). While the Court will not directly prohibit the parties from utilizing generative AI, the Court STRONGLY suggests that they do not attempt to utilize it to draft their Court filings and should certainly never fully rely upon it. Indeed, this Court has sanctioned *pro se* litigants for misrepresentations or AI-generated "phantoms" or "hallucinated" citations. *See Ali v. IT People Corp., Inc.,* No. 2:25-CV-10815, 2025 WL 2682622, at *2 (E.D. Mich. Sept. 19, 2025).

The parties are hereby **DIRECTED** to carefully read Fed. R. Civ. P. 11 in its entirety **and to be on notice that any misrepresentation or AI-generated "phantom" citation will be sanctionable, per violation.**

## V. CONCLUSION

Plaintiff's "Motion for Issuance of Amended Summons and Order Directing Clerk of Court to Sign and Seal Request for Service Abroad of Judicial or Extrajudicial Documents (Form USM-94)" (ECF No.15) is **GRANTED.** Defendant's motion for leave to file a sur-reply (ECF No. 29 is **DENIED**. Plaintiff's motion to strike the unauthorized filings (ECF No. 30) is **DENIED**. Finally, Defendant's motion for leave to file excess pages (ECF No. 37) is **DENIED.**

Additionally, because Defendant is not yet properly served, and because he is adamant that he has not waived service, all pending substantive motions (ECF No. 16, 21, 40) should be **DENIED WITHOUT PREJUDICE AS PREMATURE**.

In closing, I note that Plaintiff has not yet served Defendant, yet there are already 48 docket entries on this case. Both parties are filing excessive motions, responses, notices, and other documents. The filing of multiple, unnecessary motions clogs the Court's docket, takes time and attention from other cases, and ultimately delays *this* litigation. The parties are **DIRECTED** to cease filing

repetitive motions and briefs on the same issue. At this stage, Plaintiff should focus on obtaining valid service on Defendant.

## V. PROCEDURE ON OBJECTIONS

### A. Report and Recommendation

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR

72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc*. If the Court determines that any objections are without merit, it may rule without awaiting the response.

**B. Order On Non-Dispositive Motions**

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

Dated: August 10, 2026

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE