UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANISH SAM MATHEW,

Plaintiff,

v.

PARV VERMA,

Defendant.
_______________________________/

Case No. 4:25-cv-13262

Hon. F. Kay Behm
United States District Judge

**OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S AUGUST 10, 2026 REPORT AND RECOMMENDATION (ECF No. 49) AND OVERRULING DEFENDANT'S OBJECTIONS (ECF No. 50)**

## I. PROCEDURAL HISTORY

Plaintiff Anish Sam Mathew, proceeding *pro se*, is suing Defendant Parv Verma, alleging copyright infringement arising out of Defendant's alleged reproduction of Plaintiff's YouTube videos for profit. ECF No. 10, Amended Complaint. This case is referred to Magistrate Judge Anthony P. Patti for all pretrial proceedings. ECF No. 6. On August 10, 2026, Judge Patti issued a Report and Recommendation (R&R) recommending that the Court deny all pending dispositive motions (ECF Nos. 16, 21, 40) without prejudice as premature. ECF

No. 49. Defendant filed timely objections to the R&R, and the time for Plaintiff to respond to those objections has passed. For the reasons set forth below, the Court **OVERRULES** Defendant's objections, **ACCEPTS** and **ADOPTS** the R&R, and **DENIES** the pending motions without prejudice as premature.

## II. LEGAL STANDARD

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(1)-(3). This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that dispute the general correctness of the report and recommendation are improper. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The filing of vague, general or conclusory

objections to a magistrate judge's report and recommendation is tantamount to a complete failure to object. *Fields v. Lapeer 71–A Dist. Ct. Clerk*, 2 F. App'x 481, 482-83 (6th Cir. 2001); *see also Seals v. Seals*, 2014 WL 3592037, at *2 (W.D. Tenn. July 21, 2014) ("Failure to identify specific concerns with a magistrate judge's report results in treatment of a party's objections as a general objection to the entire magistrate judge's report. A general objection is considered the equivalent of failing to object entirely.")); *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object.").

Moreover, objections must be sufficiently clear so that the district court can "discern those issues that are dispositive and contentious." *Miller*, 50 F.3d at 380 (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough that the court can squarely

address them on the merits. *See Pearce*, 893 F.3d at 346. And when objections are "merely perfunctory responses…rehashing…the same arguments set forth in the original petition, reviewing courts should review [a Report and Recommendation] for clear error." *Ramirez v. United States*, 898 F.Supp.2d 659, 663 (S.D.N.Y. 2012); *see also Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (Hood, J.) (noting that the plaintiff's objections merely restated his summary judgment arguments, "an approach that is not appropriate or sufficient").

## III. ANALYSIS

Defendant has filed a total of 22 objections, most of which are improper for various reasons.

First, rather than object to a specific portion of Judge Patti's R&R, Defendant has chosen to use his some of his objections to "provide context," for reasons that are unclear to the Court. For example, Objection No. 1 is titled, "Judge Patti Did Not Take Into Account the Proper Background and Sequence of the Docket, Resulting in an Incomplete and Potentially Biased Framing." ECF No. 50, PageID.593. He then goes on to summarize the docket, without any explanation for

how this context illuminates an error in the R&R. Objection No. 6 recites Plaintiff's attempt to deliver the amended complaint, because Defendant says it is "relevant to understanding the subsequent dispute concerning service and should be considered together with the complete docket history." ECF No. 50, PageID.597-598. The same is true for Objection Nos. 7, 8, 10, 12, 18, 19, and 21, none of which state a specific objection to the R&R or its recommended disposition of the pending motions.

Second, several objections relay the fact that Defendant is aware of the lawsuit—though he says he was not properly served—and summarize how he became aware of the lawsuit and various filings, his prior statements on service, and the general reasons for service. *See* Objection Nos. 2, 3, 4, 5, 9, and 11. To the extent that Defendant intends these objections to relate to Judge Patti's conclusion that Defendant challenges service as improper, the R&R thoroughly summarizes all of the docket entries in which Defendant says that he was not properly served and that he wishes to preserve his jurisdictional and service defenses. *See* ECF No. 49, PageID.576-579. Even though he states repeatedly that he is aware of the lawsuit, a

defendant's "full awareness that he [has] been sued makes no legal difference to the question whether he was properly served" under Fed. R. Civ. P. 4. *King v. Taylor*, 694 F.3d 650, 656 (6th Cir. 2012).

Further, Defendant continues to take a contradictory stance on service in his objections. Objection No. 13, for example, states that he is willing to waive formal service, "without conceding that prior service was proper and without waiving any other defenses," while Objection No. 21 claims that he was "never adamant about refusing to waive service." ECF No. 50, PageID.603, 612. As Judge Patti thoroughly explained, considering Defendant's contradictory stances, it is proper to address the service-related issues before addressing any motions on the merits. ECF No. 49, PageID.586 ("Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." (quoting *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003) (abrogated on other grounds by *Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022))).

Other objections relate to the merits of the case, which were not the subject of Judge Patti's R&R, or matters that do not affect the outcome of the motions, such as the timing of the R&R or the Court's

jurisdiction over the counterclaims. Again, none of these objections point to a specific portion of the R&R that Defendant disagrees with, and they are therefore improper.

Ultimately, Defendant submits one proper objection, in which he argues that the pending motions should be held in abeyance while the service issues are resolved, rather than denied without prejudice. *See* Objection No. 22. But as Judge Patti explains,

> Defendant argues that Plaintiff's initial complaint caused damage to Defendant's business through its circulation, and argues that Defendant is entitled to damages based on circulation of the initial complaint. Defendant's motion is premature, at a minimum, and likely improper. As stated above, Defendant is yet to be served in this case and appears to challenge this Court's jurisdiction. It is difficult to comprehend how Defendant can, on one hand, claim this Court lacks jurisdiction to entertain Plaintiff's lawsuit, but on the other hand ask this Court to dismiss the complaint on the merits and award Defendant damages based on the allegations made in Plaintiff's pleading.

ECF No. 49, PageID.588. As the filing of dispositive motions is premature at this point, dismissal without prejudice is appropriate. Accordingly, Defendants' objections are **OVERRULED.**

## IV. CONCLUSION

For the reasons set forth above, the Court **OVERRULES** Defendant's objections, **ACCEPTS** and **ADOPTS** the R&R, and

**DENIES** the pending motions (ECF Nos. 16, 21, 40) without prejudice as premature.

**SO ORDERED.**

Date: September 1, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge