UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANISH SAM MATHEW,

Plaintiff,

v.

PARV VERMA,

Defendant.
_______________________/

Case No. 4:25-CV-13262
District Judge F. Kay Behm
Magistrate Judge Anthony P. Patti

**OPINION AND ORDER INTERPRETING DEFENDANT'S "NOTICE OF VOLUNTARY APPEARANCE" (ECF NO. 55) AS A MOTION FOR MISCELLANEOUS RELIEF AND DENYING THE SAME, AND STRIKING MOTION TO DISMISS (ECF NO. 58)**

## I. BACKGROUND

Plaintiff Anish Sam Mathew, proceeding *in pro per*, initiated this case on October 16, 2025, against Parv Verma. (ECF No. 1.). On November 28, 2025, Plaintiff filed an amended complaint as of right. (ECF No. 10.) The amended complaint is the current operable pleading. Defendant filed an answer to the original complaint as well as to the amended complaint. (ECF No. 12.) In Defendant's answer, he asserts that he was not properly served, that venue is improper, and that personal jurisdiction may be lacking. (*Id.*) Judge F. Kay Behm referred the matter to me "for all pretrial proceedings, including a hearing and determination of all non−dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A)

and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B)." (ECF No. 6, PageID.21.)

On August 10, 2026, I issued a combined "Opinion and Order" and "Report and Recommendation." (ECF No. 49.) In that order, I noted the parties' ongoing debate regarding service, including Defendant's contradictory position in which he continuously asserted that he would accept service by email, while simultaneously asserting that he has not and will not waive service. It was, and is, clear to the Court that Defendant wishes to avoid service through the Hague Convention, but also continues to dispute this Court's jurisdiction. As Plaintiff stated:

> While the Defendant has indicated a willingness to accept service via email to avoid the "embarrassment" of formal service, the Plaintiff declines to utilize alternative service under Federal Rule of Civil Procedure 4(f)(3) at this time. The Plaintiff's insistence on formal service pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention") is intended to ensure the international enforceability of any judgment rendered by this Court.
>
> Because the Defendant resides in India, the ultimate value of this litigation rests on the Plaintiff's ability to enforce a U.S. judgment in Indian courts. India has strictly objected to Article 10 of the Hague Convention. Consequently, a judgment resulting from service by email—a method not explicitly sanctioned by Indian law for foreign processes—risks being declared void and unenforceable by Indian courts.
>
> Therefore, to protect the integrity of these proceedings and the finality of the Court's judgment, the Plaintiff respectfully requests that this Court grant the original Motion [ECF No. 15] and direct the Clerk to issue the Amended Summons and sign the Request for Service Abroad (Form USM-94) for transmission to the Indian Central Authority.

(ECF No. 22, PageID.325-326.) I accepted Plaintiff's argument and observed:

> Plaintiff is entitled to attempt valid service through formal methods to ensure the enforceability of any judgment in foreign courts, Defendant's "embarrassment" notwithstanding. This is particularly true where, as here, Defendant appears to be engaging in gamesmanship by suggesting alternative service while specifically attempting to reserve the right to challenge the suggested service. Further, Defendant has added confusion to the docket by filing a document entitled "Notice of Non-Waiver and Limited Appearance Solely to Preserve Objections to Service Under the Hague Convention" (ECF No. 17), which suggests that Defendant is *not* waiving service, but then simultaneously asserting that Plaintiff should employ alternative service through email.

(ECF No. 49, PageID.580-581.) I then specifically found:

> • Under Federal Rule of Civil Procedure 4(f)(1), "an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States . . . by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents . . ."
>
> • Defendant resides in India and therefore Rule 4(f)(1) applies.
>
> • Both parties agree that the Hague Convention applies and that Defendant has, at this point, not been validly served under the requirements of the Hague Convention.
>
> • Despite not having been validly served, Defendant demonstrably has actual notice of this lawsuit and is aware of all of the filings to date, including the complaint and the amended complaint, as Defendant makes repeated references to both in his filings.
>
> • Moreover, Plaintiff has registered as an e-filer with this Court and Defendant has utilized the *pro se* portal to upload his filings; therefore, both parties are savvy enough to navigate the Court's system to preserve and pursue their rights.
>
> • No matter that Defendant has actual notice of this lawsuit, he has consistently asserted that he has not been validly served and that he has not waived any objections to personal jurisdiction or service.

(ECF No. 49, PageID.581.) I further found that Plaintiff was entitled to pursue service through the Hague Convention, and I also found that, until Defendant has been adequately served, it is premature to address or adjudicate the rights of the parties or the strength of the pleadings. (*Id.* at PageID.587.)

I therefore recommended that all pending dispositive motions be denied without prejudice as premature. And I concluded my order with the following holding:

> I note that Plaintiff has not yet served Defendant, yet there are already 48 docket entries on this case. Both parties are filing excessive motions, responses, notices, and other documents. The filing of multiple, unnecessary motions clogs the Court's docket, takes time and attention from other cases, and ultimately delays *this* litigation. The parties are **DIRECTED** to cease filing repetitive motions and briefs on the same issue. At this stage, Plaintiff should focus on obtaining valid service on Defendant.

(ECF No. 49, PageID.590-591.)

Defendant filed objections. (ECF No. 50.) Judge Behm overruled the objections and adopted my report and recommendation in full. (ECF No. 54.) In doing so, she observed that, "Defendant has filed a total of 22 objections, most of which are improper for various reasons." (*Id.*, PageID.628.) She also noted, "Further, Defendant continues to take a contradictory stance on service in his objections." (*Id.*, PageID.630.)

## II. ANALYSIS

Despite the instructions given to the parties in my August 10, 2026

Opinion and Order and Report and Recommendation (ECF No. 49), all of which were adopted by Judge Behm in her September 1, 2026, Opinion and Order (ECF No. 54), Defendant has filed two documents in contravention of the Court's prior holdings.

**A. ECF No. 55**

First, *just one day* after Judge Behm's order affirming my holding that Plaintiff is entitled to pursue service under the Hague Convention, Defendant filed yet another document attempting to circumvent formal service. On September 2, 2026, Defendant filed a "Notice of Voluntary Appearance, Waiver of Service Objection, and Request for Limited Temporary Relief." (ECF No. 55.) He simultaneously but separately filed a supporting exhibit, consisting of two emails on the same subject, apparently attempting to demonstrate his efforts to "resolve" the service issue (ECF No. 56), and Plaintiff has filed a response (ECF No. 57). Although titled as a "notice," Defendant nonetheless violates my prior directive for the parties to "cease filing repetitive motions and briefs on the same issue" (ECF No. 49, PageID.590-591) as the document seeks various forms of relief and is more appropriate cast as a "motion," which the Court will now deny.

In this document, Defendant attempts, once again, to circumvent formal service through the Hague Convention, through use of a qualified waiver of service. He states that he "voluntarily waives any objection based solely on

insufficiency or non-completion of service of process in this action" (ECF No. 55, PageID.633), and states that he will "not seek dismissal of this lawsuit solely on the ground that formal service was not completed after Defendant's voluntary appearance on September 2, 2026." (*Id.*) The Court does not accept this waiver. As set forth in my R&R (ECF No. 49), Plaintiff is entitled to obtain formal service of process through the Hague Convention to ensure the validity of any subsequent judgment obtained. This is particularly true where Defendant has engaged in a practice of wordsmanship, attempting to "waive" service, but then qualifying that waiver with limiting language. For example, Defendant states that he will not seek dismissal based on the ground "that formal service was not completed *after Defendant's voluntary appearance on September 2, 2026.*" (*Id.*) Based on Defendant's repeated attempts to qualify his waivers in previous filings, the Court is inclined to believe that his language in this waiver also attempts to leave open challenges to service which may have occurred *prior to Defendant's voluntary appearance.* In any event, Plaintiff has persuaded the Court that he is entitled to service through use of the Hague Convention *in order to protect the validity and enforceability of any future judgment*.

Accordingly, for the reasons stated in my prior R&R, Defendant's attempted "waiver" is **REJECTED.** Yet again, the parties were specifically directed to "cease filing repetitive motions and briefs on the same issue." (ECF No. 49,

PageID.590-91.) This issue has been decided. Plaintiff is entitled to obtain formal service through the Hague Convention.

Defendant also requests that Plaintiff be barred from any filings until he can prepare and file a motion to dismiss. However, the Court has already denied all pending dispositive motions as premature, and held that until Defendant is adequately served, "it is premature to address or adjudicate the rights of the parties or the strength of the pleadings." (ECF No. 49, PageID.587.) Defendant has still not been validly served, and dispositive motions are still premature. Defendant is not entitled to this relief.

Finally, Defendant requests "clarification" on whether all grounds for dismissal must be contained in a single motion to dismiss and, if so, if a page limit extension could be prospectively granted. Preliminarily, the Court does not give legal advice to litigants. Instead, the Court directs Defendant to the Federal Rules of Civil Procedure, which set forth the rules regarding motions to dismiss, as well as the local rules regarding page limits, and this Court's practice guidelines. (*See* https://www.mied.uscourts.gov/judges/magistrate/?id=51) As stated in my practice guidelines, "The Court adheres to E.D. Mich LR 5.1 and 7.1 regarding format, length, and form of motions and briefs, and the type of briefs required and permitted." No extensions shall be granted on briefing for a motion to dismiss, all grounds must be raised in a single motion, and the Court *will* enforce the local

rules requirements with respect to font size and spacing (with which thus far the parties are not complying). But, again, the Court reiterates that at this stage in the litigation dispositive motions are premature.

For all of these reasons, Defendant's "Notice of Voluntary Appearance," is **INTERPRETED** as a "Motion for Miscellaneous Relief" (ECF No. 55) and **DENIED.**

### B. ECF No. 58

Defendant has also, unbelievably, filed yet another motion to dismiss, ignoring Judge Behm's pronouncement that "the filing of dispositive motions is premature at this point." (ECF No. 54, PageID.631; *see also* ECF No. 49, PageID.586-588.) The Court has made it abundantly clear that dispositive motions are premature until Defendant is validly served through the Hague Convention. Accordingly, Defendant's most recent motion to dismiss (ECF No. 58) is **HEREBY STRICKEN** as premature, and as filed in contravention of the Court's previous holdings. **All dispositive motions will be stricken until further order of the Court.**

## III. PROCEDURE ON OBJECTIONS

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within

which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

**IT IS SO ORDERED.**

Dated: September 25, 2026

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE