UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANISH SAM MATHEW,

Plaintiff,

v.

PARV VERMA,

Defendant.
______________________________/

Case No. 4:25-cv-13262

F. Kay Behm
United States District Judge

**OPINION AND ORDER OVERRULING DEFENDANT'S OBJECTION TO THE MAGISTRATE JUDGE'S SEPTEMBER 25, 2026 ORDER (ECF No. 61)**

## I. PROCEDURAL HISTORY

Plaintiff Anish Sam Mathew, proceeding *pro se*, is suing Defendant Parv Verma, alleging copyright infringement arising out of Defendant's alleged reproduction of Plaintiff's YouTube videos for profit. (ECF No. 10, Amended Complaint). This case is referred to Magistrate Judge Anthony P. Patti for all pretrial proceedings. (ECF No. 6). On September 25, 2026, Magistrate Judge Patti entered an order interpreting Defendant's filing titled "Notice of Voluntary Appearance" as a motion for miscellaneous relief and denying it, and striking Defendant's separately filed motion to dismiss. (ECF No. 60).

Now before the Court are Defendant's objections to Judge Patti's September 25, 2026 Order. (ECF No. 61). For the reasons discussed below, these objections will be **OVERRULED.**

## II. LEGAL STANDARD

When a litigant objects to a magistrate judge's ruling on a non-dispositive matter, they may serve and file objections to the order within 14 days after being served with a copy. Fed. R. Civ. P. 72(a). The district judge must then consider any timely objections and modify or set aside any part of the magistrate judge's order that is "clearly erroneous or contrary to law." *Id.* A magistrate judge's factual findings are reviewed under the clearly erroneous standard and will be reversed only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

A magistrate judge's legal conclusions are reviewed under the "contrary to law" standard and will be reversed only if they fail to apply or misapply relevant statues, case law, or rules of procedure. *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (citations omitted). A district court may not reverse a magistrate judge's ruling simply because the court would have

decided the matter differently. *Sedgwick Ins. v. F.A.B.E. Custom Downstream Systems*, 47 F.Supp.3d 536, 538 (E.D. Mich. 2014); *see also Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)).

## III. ANALYSIS

Defendant has filed a list of ten objections, all of which are again improper.

As background, Defendant's "Notice of Voluntary Appearance" asked the Court to "recognize Defendant's limited waiver of service objections, and grant the requested temporary relief." *See* ECF No. 55. Because the "Notice" included various forms of requested relief, Judge Patti construed it as a miscellaneous motion, and in denying it, explained that despite his prior order to cease filing repetitive motions, Defendant once again, through filing of his "notice," was attempting to circumvent formal service through the Hague Convention. (ECF No. 60, PageID.718). As Judge Patti explained,

> As set forth in my R&R (ECF No. 49), Plaintiff is entitled to obtain formal service of process through the Hague Convention to ensure the validity of any subsequent judgment obtained. This is particularly true where Defendant has engaged in a practice of wordsmanship, attempting to "waive" service, but then qualifying that waiver with limiting language. For example, Defendant states that he will not seek dismissal based on the ground "that formal

> service was not completed *after Defendant's voluntary appearance on September 2, 2026*." (*Id.*) Based on Defendant's repeated attempts to qualify his waivers in previous filings, the Court is inclined to believe that his language in this waiver also attempts to leave open challenges to service which may have occurred *prior to Defendant's voluntary appearance*. In any event, Plaintiff has persuaded the Court that he is entitled to service through use of the Hague Convention *in order to protect the validity and enforceability of any future judgment*.

(*Id.*, PageID.719). Judge Patti further explained that Defendant had also filed *another* motion to dismiss, despite being told by both Judge Patti and this Court that his prior motions to dismiss were premature. (ECF No. 54, PageID.631; ECF No. 49, PageID.586-588). As a result, Judge Patti ordered that the motion be stricken. (ECF No. 60, PageID.721).

Defendant's ten objections fall far short of establishing that any of Judge Patti's rulings were contrary to law. Defendant's objections are titled as follows: "misalignment of facts"; "adoption of another approach"; "invalid framing to striking"; "court is not timely resolving the underlying procedural issues"; "clarification required why dispositive motions targeting procedural and threshold jurisdiction issues are premature"; "court gives inherent permission to file ECF No. 58"; "flaw in previous Judge Patti's statement regarding unnecessary dispute"; "special appearance rule"; "invalid framing of 'cease filing repetitive motions and briefs on the same issue'"; and

"request for immediate temporary relief regarding the channel." *See* ECF No. 61. These objections are both nonsensical and a waste of the Court's resources given that Defendant has entirely failed to establish or even argue that any portion of Judge Patti's order is contrary to law. Multiple objections reference Judge Patti's "framing" of the issues, while others include suggestions, requests for the Court to "clarify," and additional requested relief, none of which are proper in objections to the non-dispositive order of a magistrate judge. Defendant's objections not only give this Court the strong suspicion that they were A.I.-generated, but they also do nothing to establish a legal error. As Defendant has failed to establish that Judge Patti's order was clearly erroneous or contrary to law, his objections are overruled in their entirety.

## IV. CONCLUSION

For the reasons set forth above, Defendant's objections to the Magistrate Judge's September 25, 2026 Order (ECF No. 61) are **OVERRULED**.

**SO ORDERED.**

Date: October 16, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge