UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANISH SAM MATHEW,

Plaintiff,

v.

PARV VERMA,

Defendant.
_____________________________/

Case No. 4:25-cv-13262
District Judge F. Kay Behm
Magistrate Judge Anthony P. Patti

**ORDER STRIKING DEFENDANT'S EMERGENCY MOTION FOR TEMPORARY INJUNCTIVE RELIEF (ECF No. 63), STRIKING DEFENDANT'S REPLY (ECF No. 65) and REITERATING THAT THIS CASE IS STAYED PENDING COMPLETION OF HAGUE CONVENTION SERVICE**

In contravention of this Court's repeated orders, Defendant has filed yet another motion for dispositive relief. That motion and its related reply brief (ECF No. 63) are **HEREBY STRICKEN** for the reasons stated in this Court's prior orders and in Plaintiff's response brief. (*See, e.g.*, ECF Nos. 49, 54, 60, 62, 64.) On August 10, 2026, the Court "**DIRECTED** [the parties] to cease filing repetitive motions and briefs on the same issue" noting that "[a]t this stage, Plaintiff should focus on obtaining valid service on Defendant." (ECF No. 49 PageID.590-91 (emphasis in original).) To further emphasize its directive, the Court made abundantly clear in its September 25, 2026 order, "All dispositive motions will be stricken until further order of the Court." (ECF No. 60, PageID.721.) As it also

made clear in that order, "the Court will enforce the local rules requirements with respect to font size and spacing (with which thus far the parties are not complying)." (*Id.*, PageID.720-721.) The instant motion and its related reply brief (ECF No. 65) clearly violate these proscriptions. Motions for temporary restraining orders or injunctive relief are considered dispositive. *See Akrawi v. FCA US, LLC*, Case No. 25-13229, 2026 U.S. Dist. LEXIS 94710 at *3-4 (E.D. Mich. Apr. 29, 2026) (Behm, J.) (motions for a TRO are dispositive) (citing cases). *See also* E.D. Mich. LR 7.1(e)(2) (listing motions for injunctive relief among dispositive motions for which longer briefing periods are permitted). It also likely continues the pattern of ill-advised use of generative artificial intelligence (AI), against which both Judge Behm and I have previously warned Defendant. AI is apparently oblivious to this Court's Local Rules and very blind to the Court's prior directives, although Defendant himself bears full responsibility for whatever he files with this Court under Fed. R. Civ. P. 11. Moreover, the motion violates the Court's directives on acceptable filings, since it is neither double-spaced nor at least 14-point font, contrary to a specific warning from the Court about this in a previous order. (ECF No. 60, PageID.720-721.) This has the effect of "cleverly" expanding or even doubling the Court's page limits.

Defendant is well aware that this case will remain in a holding pattern until service of process has been completed under the Hague Convention, yet persists in

violating court orders or failing to read them. Defendant is **HEREBY WARNED** that, if he continues this behavior, he may ultimately end up being sanctioned by the Court, up to and including having a default judgment entered against him after service has been achieved.

By his early strategic maneuvers, Defendant forfeited his ability to claim any relief from this Court for the time being. Defendant is the one who initially challenged service of process, equivocated about it thereafter and then pushed Plaintiff into insisting on use of the Hague Convention to ensure that any judgment in his favor would be valid, as described by this Court in prior orders (*see* ECF No. 49, PageID.579-81, 588; ECF No. 60, PageID.719 (describing Defendant's behavior as gamesmanship/wordsmanship).) No further filings will be accepted from Defendant until Plaintiff certifies that Defendant has been validly served under the Hague Convention.

Dated: November 23, 2026

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE